**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| TAMIKA LUTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| | ) | |
| RN III TRANSPORTATION, LLC | ) | Division: |
| **HOLD SERVICE** | ) | |
| | ) | |
| | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ROZELL NUNN | ) | |
| **HOLD SERVICE** | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

**COMES NOW** Plaintiff, Tamika Luttrell by and through counsel, and for her cause of action against Defendants RN III Transportation, LLC and Rozell Nunn, and states to the Court as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff is a resident and citizen of the State of Missouri.

2.      Upon information and belief, Defendant Rozell Nunn is a resident and citizen of Kansas.

3.      At all times relevant herein, Defendant RN III Transportation, LLC is a Missouri company registered with the Missouri Secretary of State, with its principal place of business located at 7908 E. 90th Terrace, Kansas City, MO 64138 and registered agent located at 7908 E. 90th Terrace, Kansas City, MO 64138.

4.      Venue is proper in St. Louis County  insofar as the incident giving rise to  this cause of action occurred in St. Louis County, Missouri.

5.      Defendant RN III Transportation, LLC owned the 2006 Kenworth Tractor Trailer being operated by Rozell Nunn at the time of the collision.

6.      At all times relevant to this case, Defendant Rozell Nunn was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant RN III Transportation, LLC and was acting within the course and scope of her agency and/or employment

7.      At the time of the collision referenced in this complaint, Defendant RN III Transportation, LLC was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.      At all times relevant, RN III Transportation, LLC was operating as an interstate commercial motor carrier.

9.      At all relevant times, RN III Transportation, LLC was operating as a for-hire motor carrier.

10.      At all times relevant, RN III Transportation, LLC had authority to operate as a For Property carrier.

11.      At all times relevant herein and at the time of this crash, Defendant RN III Transportation, LLC was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

12.      At all times relevant herein and at the time of this crash, Defendant RN III Transportation, LLC was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant RN III Transportation, LLC.

13.     At all times relevant herein and at the time of this crash, Defendant Rozell Nunn was operating a tractor-trailer in the course and scope of his employment and agency with Defendant RN III Transportation, LLC

14.     Defendant RN III Transportation, LLC is liable for all acts and omissions of Defendant Rozell Nunn while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

15.     Defendant RN III Transportation, LLC, and its agents, servants, employees, and drivers, including Defendant Rozell Nunn, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

16.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

17.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

18.     At all times relevant to this case, Defendant Rozell Nunn was a driver of the Mack Front Loader and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

19.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power

and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

20.     At all times relevant to this case, the Mack Front Loader driven by Defendant Rozell Nunn was a tractor and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

21.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it.  49 C.F.R. §390.5.

22.     At all times relevant to this case, Defendant RN III Transportation, LLC was an "employer," as defined by the Motor Carrier Safety Regulations.

23.     At the time of this incident and at all times herein mentioned, Defendant Rozell Nunn was operating the Freightliner as a driver for Defendant RN III Transportation, LLC.

24.     On or about February 7, 2020 at approximately 6:30 a.m., Plaintiff Tamika Luttrell was operating a 2019 Nissan Ultima eastbound on Interstate 270 in St. Louis County, Missouri.

25.     At that time and place, Plaintiff was traveling in the right most lane when Defendant Rozell Nunn violently collided into the side of the vehicle being driven by Plaintiff Tamika Luttrell.

26.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

27.     At the time of the crash, the truck operated by Defendant Rozell Nunn bore the name of Defendant RN III Transportation, LLC as well as its DOT number and/or MC (operating authority) number.

28.     The negligence of Defendants RN III Transportation, LLC and Rozell Nunn, directly and proximately, caused or contributed to cause injuries to Plaintiff Tamika Luttrell, as

described in greater detail herein.

29.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of RN III Transportation, LLC, and its agents, servants, and employees, including Rozell Nunn, Plaintiff injured her neck and shoulder.

30.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of RN III Transportation, LLC, and its agents, servants, and employees, including Rozell Nunn, Plaintiff has suffered pain and suffering and will continue to suffer.

31.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants RN III Transportation, LLC and its agents, servants, and employees, including Rozell Nunn, Plaintiff Tamika Luttrell has incurred medical bills in excess of $5,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash including a surgery.

## COUNT I
## NEGLIGENCE OF DEFENDANT ROZELL NUNN

**COMES NOW** Plaintiff Tamika Luttrell, (hereinafter "Plaintiff") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

32.     At the time of this crash, Defendant Rozell Nunn negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)     Failing to keep a proper lookout;

b)     Driving too fast for conditions;

c)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

d)     Failing to reduce speed to avoid a collision;

e)     Operating the tractor-trailer without adequate training

and experience;

f)      Operating the tractor-trailer when not properly qualified to do so;

g)      Driving while tired and/or fatigued;

h)      Driving while under the unsafe side-effects of prescription medication;

i)      Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care.

33.     At least one of the negligent acts or omissions by Defendant Rozell Nunn, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

34.     As a direct and proximate result of the negligence of Defendant Rozell Nunn, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

35.     Defendant Rozell Nunn knew or should have known that his conduct as described herein created a high degree of probability of injury.

36.     Defendant Rozell Nunn was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

37.     The operation of the tractor-trailer by Defendant Rozell Nunn and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

38.     The conduct of Defendant Rozell Nunn as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Complaint, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiff pray for judgment against Defendant Rozell Nunn in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

**COUNT II**
**STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT RN III TRANSPORTATION, LLC**

**COMES NOW** Plaintiff and fully incorporates, and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

39.     Based upon all aforementioned allegations, Defendant RN III Transportation, LLC is vicariously liable for the negligence of Defendant Rozell Nunn based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

**COUNT III**
**VICARIOUS LIABILITY AGAINST DEFENDANT RN III TRANSPORTATION, LLC**

**COMES NOW** Plaintiff and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

40.     At all times relevant, Defendant Rozell Nunn was acting in the course and scope of her agency and/or employment with Defendant RN III Transportation, LLC.

41.     Based upon the prior allegations, Defendant RN III Transportation, LLC is vicariously liable for the negligence of Defendant Rozell Nunn based upon the doctrines of agency and respondent superior.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV
## INDEPENDENT NEGLIGENCE AGAINST DEFENDANT RN III TRANSPORTATION, LLC

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

42.     At all times relevant, Defendant RN III Transportation, LLC was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

43.     Throughout its existence, Defendant RN III Transportation, LLC has, or should

have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

44.    As an interstate motor carrier, Defendant RN III Transportation, LLC has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

45.    The various safety regulations included within Parts 390 – 397, of which Defendant RN III Transportation, LLC had a duty to follow, include, but are not limited to, the following:

   a.   Defendant RN III Transportation, LLC had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

   b.   Defendant RN III Transportation, LLC had a duty to not require or permit a driver, including Defendant Rozell Nunn, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

   c.   Defendant RN III Transportation, LLC had a duty to not allow or permit a driver, including Defendant Rozell Nunn, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

   d.   Defendant RN III Transportation, LLC had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

   e.   Defendant RN III Transportation, LLC had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first

completed and furnished to Defendant RN III Transportation, LLC an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.   Defendant RN III Transportation, LLC had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.   Defendant RN III Transportation, LLC had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Rozell Nunn, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.   Defendant RN III Transportation, LLC had an independent duty require each of its drivers, including Defendant Rozell Nunn, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.   Defendant RN III Transportation, LLC had an independent duty to prohibit its employees, including Defendant Rozell Nunn, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.   Defendant RN III Transportation, LLC had an independent duty to ensure that its drivers, including Defendant Rozell Nunn, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

     k.    Defendant RN III Transportation, LLC had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Rozell Nunn on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash.  40 C.F.R. §396.3.

46.    That Defendant RN III Transportation, LLC had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

47.    That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

48.    That, at all times prior to the aforementioned collision, Defendant RN III Transportation, LLC failed to have in place an adequate safety program.

49.    As a result of its inadequate and/or inexistent safety program, Defendant RN III Transportation, LLC violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

50.    As a result of its inadequate and/or inexistent safety program, Defendant RN III Transportation, LLC allowed its drivers, including Defendant Rozell Nunn, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

51.    That Defendant RN III Transportation, LLC's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created

a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

52.    Defendant RN III Transportation, LLC was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

53.    Defendant RN III Transportation, LLC was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Rozell Nunn, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

54.    As a direct and proximate result of the independent negligence of Defendant RN III Transportation, LLC, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

55.    Defendant RN III Transportation, LLC knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

56.    The conduct of Defendant RN III Transportation, LLC as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

57.    Because of Defendant RN III Transportation, LLC's willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant RN III Transportation, LLC and to deter others from similar conduct.

58.    Defendant RN III Transportation, LLC's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly

and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT V**</u>

<u>**DIRECT NEGLIGENCE AGAINST DEFENDANT RN III TRANSPORTATION, LLC BASED UPON NEGLIGENT HIRING/RETENTION**</u>

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

59.     At all times prior to the aforementioned collision, Defendant RN III Transportation, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

60.     Such duties include, but are not limited to:

        a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

        b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

        c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

61.     Defendant RN III Transportation, LLC had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

62.     Defendant Rozell Nunn was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

63.     That, because of Defendant Rozell Nunn's aforementioned inadequacies, Defendant RN III Transportation, LLC should not have hired him to operate a commercial motor vehicle.

64.     That Defendant RN III Transportation, LLC knew, or through the exercise of ordinary care should have known that Defendant Rozell Nunn was unqualified to safely operate a commercial motor vehicle.

65.     That by failing to properly and adequately screen and investigate its drivers,

including Defendant Rozell Nunn, before and during employment, Defendant RN III Transportation, LLC violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

66.     Had Defendant RN III Transportation, LLC obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Rozell Nunn was unqualified to safely operate a commercial motor vehicle.

67.     Defendant Rozell Nunn's negligent actions on the day of the collision with Plaintiff was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

68.     Defendant RN III Transportation, LLC's actions and omissions in hiring Defendant Rozell Nunn, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff resulting from the aforementioned motor vehicle collision.

69.     Defendant RN III Transportation, LLC' actions and omissions in hiring Defendant Rozell Nunn, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

70.     Defendant RN III Transportation, LLC's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant RN III Transportation, LLC and to deter others from similar conduct.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and

interest, as is fair and reasonable to compensate Plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI

## DIRECT NEGLIGENCE AGAINST DEFENDANT RN III TRANSPORTATION, LLC BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

71.     Defendant RN III Transportation, LLC owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Rozell Nunn, on the safe operation of a tractor-trailer.

72.     Defendant RN III Transportation, LLC failed to properly instruct Defendant Rozell Nunn on the safe operation of a tractor-trailer.

73.     Defendant RN III Transportation, LLC owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Rozell Nunn, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

74.     At all times prior to the aforementioned collision, Defendant RN III Transportation, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

75.     Such duties include, but are not limited to:

a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

76.     Defendant RN III Transportation, LLC had a duty to properly instruct its drivers, including Defendant Rozell Nunn on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

77.     Defendant RN III Transportation, LLC failed to properly instruct Defendant Rozell Nunn on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

78.     Defendant RN III Transportation, LLC owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Rozell Nunn.

79.     Defendant RN III Transportation, LLC failed to provide adequate continuing safety courses to Defendant Rozell Nunn.

80.     Defendant RN III Transportation, LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

81.     Defendant RN III Transportation, LLC breached its duty to the general public, including the Plaintiff, by its failing to properly train Defendant Rozell Nunn, Defendant RN III Transportation, LLC's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

82.     Based on Defendant Rozell Nunn's driving history, inadequate experience, and training, Defendant RN III Transportation, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

83.     That Defendant RN III Transportation, LLC was negligent in failing to properly train its drivers, including Defendant Rozell Nunn, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

84.     That Defendant RN III Transportation, LLC was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

85.     That Defendant Rozell Nunn's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant RN III Transportation, LLC failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

86.     These actions and omissions of Defendant RN III Transportation, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

87.     Defendant RN III Transportation, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

88.     Plaintiff's injuries were directly and proximately caused by Defendant RN III Transportation, LLC's breach of and failure to comply with its duty to properly train Defendant Rozell Nunn, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT VIII**</u>

<u>**DIRECT NEGLIGENCE AGAINST DEFENDANT RN III TRANSPORTATION, LLC**</u>

<u>**BASED UPON NEGLIGENT SUPERVISION**</u>

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated in this count and further states:

89.     Defendant RN III Transportation, LLC owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

90.     Defendant RN III Transportation, LLC had a duty to not require or permit a driver, including Defendant Rozell Nunn, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

91.     Defendant RN III Transportation, LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

92.     Defendant RN III Transportation, LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

93.     Defendant RN III Transportation, LLC had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

94.     Defendant RN III Transportation, LLC had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

95.     Defendant RN III Transportation, LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

96.     Defendant RN III Transportation, LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

97.     Defendant RN III Transportation, LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

98.     Defendant RN III Transportation, LLC breached its above listing duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant Rozell Nunn, Defendant RN III Transportation, LLC's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

99.     Based on Defendant Rozell Nunn's driving history, lack of supervision and continued retention by his employer, Defendant RN III Transportation, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

100.    These actions and omissions of Defendant RN III Transportation, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and

conscious disregard for the law and for the safety of others, including Plaintiff.

101.    Defendant RN III Transportation, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

102.    Plaintiff's injuries were directly and proximately caused by Defendant RN III Transportation, LLC's breach of and failure to comply with its duty to properly train Defendant Rozell Nunn, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant RN III Transportation, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Deme Sotiriou

_____
  Deme Sotiriou, MO #56611
  Joshua Myers, MO #56541
  999 Executive Parkway Drive
  Suite 205
  St. Louis, Missouri 63141
  Telephone:  314-444-4444
  Facsimile:  314-720-0744
  E-mail: deme@schultzmyers.com